UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE VICTOR TOBIAS,

        Plaintiff,                               Case No. 24-10310

v.                                               Honorable Nancy G. Edmunds

LENAWEE COUNTY FRIEND
OF THE COURT, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [3], DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [2], AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Kyle Victor Tobias brings this pro se complaint against the following Defendants: the Lenawee County Friend of the Court; its director, David C. McFarland; one of its enforcement officers, Sue Pelham; and Lenawee County Circuit Court Judge Anna Marie Anzalone. (ECF No. 1.) Plaintiff has also filed an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP") (ECF No. 3) and a motion for a preliminary injunction (ECF No. 2). For the reasons below, the Court DENIES Plaintiff's request to proceed IFP, DENIES his motion for a preliminary injunction, and DISMISSES his complaint without prejudice.

I.        **Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." The Supreme Court has held that one need not "be absolutely destitute to enjoy the benefit of" proceeding IFP. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339

1

(1948). However, proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). "In determining IFP eligibility, courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Giles v. Comm'r of Soc. Sec.*, No. 14-11553, 2014 U.S. Dist. LEXIS 74028, at *2 (E.D. Mich. Apr. 24, 2014) (internal quotations and citation omitted). "Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint." *Rowe v. Berryhill*, No. 17-13264, 2017 U.S. Dist. LEXIS 207345, at *2 (E.D. Mich. Oct. 13, 2017) (citation omitted).

Here, Plaintiff indicates his take-home pay is $960 per week. And while Plaintiff lists a number of expenses, he also lists several assets and does not have any debts. Therefore, the Court finds that Plaintiff has not demonstrated that he cannot both pay the costs of litigation and still provide for himself and his family. Accordingly, Plaintiff's application to proceed without prepayment of fees or costs is denied.

The Court would ordinarily give Plaintiff the opportunity to pay the filing fee. But there is no need to do so here, because even if Plaintiff were to pay the fee in full, his complaint would be subject to dismissal.

**II.     Plaintiff's Complaint and Request for Injunctive Relief**

    **A.     Legal Standard**

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

**B.     Analysis**

Plaintiff's claims stem in part from Judge Anzalone's handling of a state court proceeding relating to the modification of a child support order. More specifically, he alleges she "refus[ed] to accept [his] appearance at a hearing" and violated his right to a jury trial. Plaintiff also takes issue with the subsequent denial of a Freedom of Information Act request and issuance of an arrest warrant. Plaintiff cites to 42 U.S.C. § 1983 and a number of other federal statutes and seeks both monetary damages and injunctive relief. In both his complaint and the motion for preliminary injunction, Plaintiff specifically requests injunctive relief to "stop/revoke" the bench warrant that was issued by Judge Anzalone.

The Eleventh Amendment protects states and their departments from private civil suits in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). The state of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). This immunity applies to arms of the state, such as its circuit courts. *See Merritt v. Lauderbach*, No. 12-13645, 2013 U.S. Dist.

LEXIS 37871, at *12 (E.D. Mich. Mar. 19, 2013). Defendant Lenawee County Friend of the Court is a part of the Lenawee County Circuit Court. *See id.* Thus, it must be dismissed under Eleventh Amendment immunity. Moreover, civil rights actions under § 1983 may only be brought against a "person" and courts are not persons within the meaning of the statute. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002).

As employees of the Lenawee County Friend of the Court, Defendants McFarland and Pelham enjoy absolute immunity from suit on claims arising out of the performance of quasi-judicial functions. *See Merritt*, 2013 U.S. Dist. LEXIS 37871, at *12-14 (citing cases). Thus, any claims against these defendants are barred by the doctrine of quasi-judicial immunity.

Judges enjoy absolute immunity from personal liability for judicial acts. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). This doctrine of absolute judicial immunity extends to requests for injunctive relief. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) (citation omitted). Thus, any claims against Judge Anzalone are barred by the principle of judicial immunity.

Because the named defendants are protected by principles of immunity, this case is subject to dismissal. *See Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (affirming the district court's sua sponte dismissal of a complaint under *Apple* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (same). And to the extent Plaintiff cites to the Freedom of Information Act, such claims may only be brought against federal agencies, not state courts. *See Hale v. Schaefer*, No. 99-1100, 1999 U.S. App. LEXIS

4

34065, at *4 (6th Cir. Dec. 17, 1999) (affirming the district court's sua sponte dismissal of a FOIA action brought against a state court judge and state prosecuting attorneys).

Not only are the named defendants protected by principles of immunity, but most of Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine. This doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *See Kovacic v. Cuyahoga County Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The Sixth Circuit has reaffirmed that the *Rooker-Feldman* doctrine applies to interlocutory state court orders, *see RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021), and has agreed that it applies even where it was alleged that the state courts "had not possessed proper jurisdiction," *see Thompson v. Gorcyca*, No. 21-1622, 2022 U.S. App. LEXIS 17881, at *4-5 (6th Cir. June 28, 2022). Other federal courts have explicitly found that they lack jurisdiction under *Rooker-Feldman* to address a complaint that seeks dismissal of a state court order issuing a bench warrant. *See, e.g.*, *Mielke v. 17th Circuit Court*, No. 1:23-cv-543, 2023 U.S. Dist. LEXIS 107198, at *3 (W.D. Mich. June 1, 2023). Because the Court lacks jurisdiction over this case, Plaintiff's motion for a preliminary injunction is moot.

### III.   Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is DENIED, his motion for a preliminary injunction is DENIED, and his complaint is DISMISSED without prejudice.

SO ORDERED.

Dated: February 9, 2024

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>Case Manager